616 P.2d 272

The BUNKER HILL COMPANY,
Appellant,

v.

The WASHINGTON WATER POWER
COMPANY, and Idaho Public Utilities
Commission, Respondents.

No. 13002.

Supreme Court of Idaho.

Sept. 4, 1980.

William F. Boyd of Brown, Peacock, Keane & Boyd, Kellogg, for appellant.

Paul D. McCabe, Coeur d'Alene, Robert L. Simpson of Paine, Lowe, Coffin, Herman & O'Kelly, Spokane, Wash., Michael S. Gilmore, Deputy Atty. Gen., Boise, for respondents.

PER CURIAM.

Washington Water Power Company filed a complaint with the Idaho Public Utilities Commission alleging that the Bunker Hill Company had failed and refused to pay for power delivered to or available to Bunker Hill pursuant to the terms of a contract between the two companies. Bunker Hill moved to dismiss on the basis of the Commission's lack of jurisdiction, which motion was overruled and Bunker Hill was ordered to answer the complaint. This Court issued its order allowing this appeal from that order. The order of the Commission is set aside.

Bunker Hill's electrolytic zinc plant located in Shoshone County, Idaho, is a large consumer of power. In April 1977, Bunker Hill and Washington Water Power entered into an agreement for supply of power pursuant to a scheduled price therefor. At issue here is that provision of the price schedule allegedly requiring Bunker Hill to pay a monthly minimum charge of $86,000.00.

In June, July and August of 1977, Bunker Hill's zinc plant was almost completely shut down as a result of a labor strike. Bunker Hill paid Washington Water Power for the electricity it actually consumed during that period, but did not pay the demanded $86,000.00 monthly minimum charge.

Washington Water Power filed a complaint with the Idaho Public Utilities Commission alleging the above set forth facts and requesting the Commission to order Bunker Hill to pay the power bill, together with interest thereon. In essence, Washington Water Power seeks to utilize the alleged authority of the Idaho Public Utilities Commission to order payment of a power bill allegedly due and arising under the

**494**

provisions of a contract between the two parties.

We note first the absence of any argument that the contract and schedule of prices, as executed between the parties, are contrary to the public interest. On the contrary, both were previously approved by the Idaho Public Utilities Commission and hence presumably are in the public interest. There is no allegation by Washington Water Power in its complaint that the actions of Bunker Hill are somehow adverse to the public interest and there is no such finding or conclusion by the Public Utilities Commission. Washington Water Power asserts that under the contractual agreement and schedule of prices agreed upon between the parties, it is entitled to the monthly minimum charge. Bunker Hill Company asserts that under the contractual agreement and schedule of prices, it is entitled to be forgiven the monthly minimum charge because of a strike in progress. It is unnecessary to address the merits of that argument since we are presented only the question of the jurisdiction of the Public Utilities Commission.

We deem the instant matter to be controlled by *Lemhi Telephone Co. v. Mountain States Tel. & Tel. Co.*, 98 Idaho 692, 571 P.2d 753 (1977). There, the Public Utilities Commission had for consideration competing claims by public utilities arising from a contract between them. In *Lemhi*, the Commission ordered one of the utilities to discontinue certain practices and ordered that utility to pay certain amounts allegedly due and owing to the other. On appeal, this Court set the orders of the Public Utilities Commission aside, holding " * * * it is clear that the matter is in all manners one calling for interpretation and enforcement of the parties' contractual rights," and "generally, construction and enforcement of contract rights is a matter which lies in the jurisdiction of the courts and not the Public Utilities Commission. This is true notwithstanding that the parties are public utilities or that the subject matter of the contract coincides generally with the expertise of the Commission. If the matter is a contractual dispute, it should be heard by the Courts."

Here, as in *Lemhi*, the parties' dispute arises from differing constructions and interpretations of the contract rights of the parties. While one of the parties is a public utility, and while the general area of power supply may be one in which the Commission is presumed to have expertise, nevertheless, the matter remains a contractual dispute involving the legal interpretation of a contract which historically lies within the jurisdiction of the courts. Hence, no jurisdiction is vested in the Public Utilities Commission and the refusal of the Commission to grant Bunker Hill's motion to dismiss was error.

The order of the Public Utilities Commission is set aside. Costs to appellant.